UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ROY SEYMOUR MCDONALD,

        Plaintiff,                             **MEMORANDUM AND ORDER**
                                                           23-CV-4558 (RPK)

      v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Roy Seymour McDonald challenges the Commissioner of Social Security's determination that he is ineligible for federal disability insurance benefits because he was not insured at the time he became disabled. Plaintiff filed a letter that the Court construes as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Pl.'s Letter dated Jan. 22, 2024 (Dkt. #11). The Commissioner cross-moved for judgment on the pleadings. *See* Def.'s Mot. J. Pleadings (Dkt. #14). For the reasons below, plaintiff's motion is denied, and the Commissioner's cross-motion is granted.

## BACKGROUND

      Plaintiff was born in 1961. Certified Administrative Record ("AR") 28 (Dkt. #9). He worked as a cab driver from 2007 to 2019 and as a cleaner from 2019 to 2020. AR 215–16. Plaintiff suffers from back pain that began in 2003 and "start[ed] getting bad" in 2019. AR 15–16. He also had an operation on his knee in 2013 after being involved in a vehicle accident. AR 16–17. These injuries restrict his ability to stand or walk for long periods, grip items, and carry anything heavier than ten pounds. AR 17–20. Plaintiff also has high blood pressure, diabetes,

1

headaches, and breathing problems. AR 20, 214. In addition, he has low vision, with diabetic retinopathy in the right eye. AR 5, 15, 28, 43, 214.

Plaintiff protectively applied for disability insurance benefits on October 5, 2020, alleging disability beginning on March 20, 2020. AR 29. After a hearing, an Administrative Law Judge ("ALJ") determined that plaintiff was entitled to disability benefits. AR 42–45. The ALJ determined that plaintiff's "date last insured" was March 31, 2012. AR 42. The ALJ then determined that plaintiff was entitled to benefits because he had been disabled since his alleged onset date of March 20, 2020, due to lumbar spondylosis, diabetic retinopathy, hypertension, diabetes, and post knee surgery. AR 42–45.

The Social Security Administration Appeals Council then reopened plaintiff's case. AR 181. The notice of reopening sent to plaintiff explained that the Appeals Council believed there was an error in plaintiff's case, because the ALJ had awarded benefits based on a finding that petitioner was disabled as of March 20, 2020—*after* plaintiff's date last insured in 2012. AR 182. It further explained that "[t]o be entitled to a period of disability and disability insurance benefits under Title II of the Social Security Act, the record must establish that an individual . . . became disabled during a period when they were insured." *Ibid.* It added that "[t]o meet the insured status requirements . . . , an individual must . . . have 20 Social Security Credits (5 years of work under Social Security) during the 10-year period ending with the quarter in which they became disabled." *Ibid.* (citing 20 C.F.R. §§ 404.110, 404.120, 404.130). While there is "a different rule for calculating the insured status of an individual who is statutorily blind," the Appeals Council noted that the ALJ had not found plaintiff statutorily blind. AR 183.

2

The Appeals Council stated that plaintiff could submit a statement about his case, provide additional evidence, or ask for an appearance within 30 days of the letter. AR 184. Plaintiff did not make any submission in response. AR 4.

The Appeals Council then issued a decision finding plaintiff not entitled to disability insurance benefits. AR 7. The Appeals Council noted that the record supported the ALJ's determination "that [plaintiff] last met the insured status requirements for a period of disability and disability insurance benefits through March 31, 2012, and therefore, did not satisfy the insured status requirement on March 20, 2020, the alleged disability onset date." AR 5. While different eligibility rules apply to individuals who are statutorily blind, the Appeals Council stated that the ALJ "did not find, and the record does not show, . . . that [plaintiff] was or is statutorily blind." *Ibid.* The Appeals Council added that it had "considered whether the evidence show[ed] that the [plaintiff] was disabled before his date last insured of March 31, 2012," but that the record did not support such a finding, because plaintiff had not alleged disability as of that date and the earliest medical records in plaintiff's file were from several years later. AR 6. Plaintiff therefore did not meet the eligibility requirements of the Social Security Act for disability insurance benefits. *See* AR 4–7.

Plaintiff filed this lawsuit challenging the Commissioner's decision. In support of his challenge, petitioner submitted a letter stating that he suffers from lumbar spondylosis, diabetic retinopathy, hypertension, diabetes, and post knee surgery and asking that the ALJ's original decision be reinstated. *See* Pl.'s Letter dated Jan. 22, 2024. The Commissioner filed a cross-motion for judgment on the pleadings, arguing that the Appeals Council correctly determined that plaintiff was not entitled to benefits because the record does not establish that plaintiff was disabled as of his date last insured. *See* Def.'s Mot. J. Pleadings. In reply, plaintiff submitted a further

letter describing his medical conditions, but not addressing the Appeals Council's conclusions regarding his date last insured. *See* Pl.'s Letter dated July 15, 2024 (Dkt. #17).

## STANDARD OF REVIEW

Claimants who are denied disability insurance benefits by the Social Security Administration may seek judicial review. 42 U.S.C. § 405(g). In reviewing a final decision of the Commissioner, the Court is limited to determining whether the Commissioner's decision is free of legal error and supported by substantial evidence. *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (brackets and citation omitted). If substantial evidence supports the Commissioner's findings, such findings are conclusive and must be upheld. 42 U.S.C. § 405(g); *see Cichocki v. Astrue*, 729 F.3d 172, 175–76 (2d Cir. 2013). After completing its review, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing" the Commissioner's decision. 42 U.S.C. § 405(g).

## DISCUSSION

Plaintiff's motion for judgment on the pleadings is denied, and the Commissioner's cross-motion is granted.

"An applicant must be insured for disability insurance benefits to be eligible for [social security disability] benefits." *Shaw*, 221 F.3d at 131; *see* 42 U.S.C. §§ 423(a)(1)(A), (c)(1). An applicant who becomes disabled after the age of 31, and who is not statutorily blind, is insured for this purpose only if the applicant satisfies the so-called "20/40 rule." *See* 20 C.F.R. § 404.130(b). This rule "requires an individual making a disability claim to have worked at a job at which he paid social security tax during at least twenty of the forty [calendar] quarters preceding the quarter

4

in which his disability occurs." *Harvell v. Chater*, 87 F.3d 371, 372 (9th Cir. 1996) (citing 20 CFR § 404.130(b)). Specifically, to earn twenty quarters of coverage, the claimant must have made sufficient "total covered earnings in a calendar year" across those forty quarters. 20 CFR § 404.140; *see id.* § 404.143 (explaining how quarters of coverage are credited and tying earning requirements to national increases in average wages); Soc. Sec. Admin., *Quarter of Coverage*, https://www.ssa.gov/oact/cola/QC.html#qcseries (last visited Oct. 30, 2024) (listing by year the earning requirement to receive one quarter of coverage). A less restrictive rule governs the insured status of individuals who are statutorily blind. *See* 20 CFR § 404.130(e).

Here, the Appeals Council did not err in determining that plaintiff did not meet the requirements of the 20/40 rule when he became disabled. Plaintiff claimed a disability onset date of March 20, 2020. AR 29. He was more than 31 years old as of that date. *See* AR 28. But plaintiff has not challenged the determinations of the ALJ and Appeals Council that his date last insured was March 31, 2012. And the record indicates that plaintiff did not meet the 20/40 requirement as of his alleged disability onset date. Specifically, it appears that in the forty calendar quarters preceding and including the quarter of his alleged disability onset date, *see* 20 C.F.R. § 404.146, plaintiff earned seven quarters of coverage. Based on plaintiff's yearly earnings, plaintiff earned zero quarters of coverage in 2010, 2011, 2012, 2013, 2015, 2016, and 2018; one quarter of coverage in 2014; one quarter of coverage in 2017; four quarters of coverage in 2019; and one quarter of coverage at the beginning of 2020. *See* AR 204 (listing plaintiff's covered earnings each calendar year); Soc. Sec. Admin., *Quarter of Coverage*, https://www.ssa.gov/oact/cola/QC.html#qcseries (last visited Oct. 30, 2024) (listing by year the earning requirement to receive one quarter of coverage); 20 C.F.R. § 404.143 (explaining how

5

quarters of coverage are credited). Thus, plaintiff failed to meet the 20/40 requirement at the time of his alleged disability onset.

The Appeals Council's decision that plaintiff did not qualify for disability benefits on any other basis was also supported by substantial evidence and free of legal error. Substantial evidence supports the Council's determination that plaintiff could not establish an earlier disability onset date, given that plaintiff submitted no medical records before January 2015. *See* AR 6, 378–85. Substantial evidence also supports the Council's determination that plaintiff is not entitled to disability benefits under the separate framework applicable to individuals who are statutorily blind. *See* AR 5. While the record reflects that plaintiff has some vision impairments, *see id.* at 5–6, substantial evidence supports the determination that they do not rise to the level of statutory blindness, *see* 20 CFR § 404.1581 (defining statutory blindness as "central visual acuity of 20/200 or less in the better eye with the use of correcting lens"); AR 502, 504, 626 (plaintiff's records showing visual acuity from 20/25 to 20/63 in plaintiff's better eye).

## CONCLUSION

Plaintiff's motion for judgment on the pleadings is denied, and the Commissioner's cross-motion is granted. The Clerk of Court is respectfully directed to enter judgment in favor of the Commissioner, dismiss the complaint, and mail a copy of this order to plaintiff.

SO ORDERED.

                                                       /s/ Rachel Kovner
                                                      RACHEL P. KOVNER
                                                      United States District Judge

Dated: October 30, 2024
       Brooklyn, New York